STEPHEN C. TEDESCO, Bar No. 130325
GAL GRESSEL, Bar No. 286312
LITTLER MENDELSON, P.C.
A Professional Corporation
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: 415.677.3134
Facsimile: 415.399.8490
stedesco@littler.com
ggressel@littler.com

Attorneys for Plaintiff
OFFICIA IMAGING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFFICIA IMAGING, INC., <br><br> Plaintiff, <br><br> v. <br><br> JAMES LANGRIDGE, ROYAL OFFICE SOLUTIONS, INC., <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR BREACH OF CONTRACT; BREACH OF DUTY OF LOYALTY; UNFAIR COMPETITION** |

Plaintiff, Officia Imaging, Inc., ("Officia," "Plaintiff" or "Company") alleges as follows:

**I.   PARTIES**

1. Plaintiff Officia is, and at all relevant times was, a Nevada corporation with its principal place of business in Los Vegas Nevada. Officia authorized to do business in the State of California, with a California office in Los Angeles County, California.

2. Defendant James Langridge (hereinafter "Langridge") is, and at all relevant times was, an individual residing in Los Angeles County, California. Plaintiff is also informed and believes that Defendant Langridge committed the acts alleged in this complaint in Los Angeles County.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

COMPLAINT

3. Defendant Royal Office Solutions, Inc. ("Royal") is a California Corporation, headquartered in and doing business in the State of California. Defendant Langridge owns Royal is currently its Chief Executive Officer.

4. Except as otherwise expressly alleged herein, Plaintiff is informed and believes and, on that basis, alleges that each Defendant was at all relevant times the agent or employee of each of the other remaining Defendants identified in this Complaint, and in doing the acts alleged herein acted in the scope of such agency or employment, and confirmed and ratified each and every act, or omission, of each of the remaining Defendants.

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332, in that this is a civil action wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is between citizens of different states.

6. This Court also has personal jurisdiction over Defendants pursuant because, among other reasons, Langridge and Royal are, and was at all times relevant to this Complaint, domiciled in Los Angeles, California, and Officia is a resident of Nevada.

7. Venue is proper in the Eastern District of California because Defendant Langridge is a resident of California and resides in Los Angeles, California. 28 U.S.C. § 1391(b)(1), (c)(1). Langridge was also employed and performed services for Officia in Los Angeles, California. Langridge has also engaged in tortious conduct directed at and causing injury to Officia in California.

## III. FACTS COMMON TO ALL CAUSES OF ACTION

8. Plaintiff provides high-quality office equipment and document management software solutions to thousands of businesses throughout California, offering print technology systems from printers, copiers, document scanners, fax machines and document storage solutions. Officia is one of the most competitive

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2.

**COMPLAINT**

independent office equipment and document management solution providers in the market. Plaintiff's business is built upon and depends on the development and retention of customers who are willing to purchase or lease its products and services. Plaintiff serves small and medium sized businesses and public entities throughout the state and expends substantial time and money developing relationships with local businesses it sells so it can offer such customers a wide variety of products and services at competitive prices. Further effort is expended in ensuring that the customer is well serviced and satisfied to enhance the likelihood that the customer will continue to use the services and products of Plaintiff.

9. Plaintiff receives considerable economic benefit through these customer relationships by acquiring long-term contracts to the customers' particular needs and provide the specialized services the customers desire and will need over the course of the customer relationship.

10. On about February, 2014, Defendant Langridge commenced employment with Plaintiff, as an account executive whose primary duty was to generate business for Plaintiff. At all relevant times, Plaintiff employed Langridge as a Sales Support Associate in its Los Angeles, California office.

11. Plaintiff treats customer account information and sales information as confidential and proprietary information. Such confidential and proprietary information includes customer contact information, contracts and customer leasing and product pricing, sales history, sales volumes, sales terms, pricing and profit margins for each customer. In addition, the terms of sales may vary with each customer, depending upon the profitability of that customer. Further, such information is known by Plaintiff's employees to be confidential.

12. Plaintiff has taken reasonable steps to maintain the confidentiality of its confidential, proprietary, and trade secret information, including instituting policies and practices restricting access to confidential information, and entering into agreements with employees who are given access to such confidential information.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

13. On about April 26, 2016, Defendant Langridge entered into a Confidentiality, Non-Solicitation and Assignment of Inventions Agreement (hereinafter the "Agreement") in connection with his employment. A true and correct copy of the Agreement signed by Langridge is attached as Exhibit A and incorporated herein by reference. Under that Agreement, Langridge acknowledged and agreed in relevant part:

> I agree and acknowledge that during the performance of my duties with the Company, I will receive and have access to confidential, proprietary and/or trade secret information concerning the Company ("Confidential Information"). I understand that Confidential Information includes customer/client lists, customer data bases, the identities of the Company's customers and other information about those customers, including their requirements, the names of their decision-makers, and the terms and specifications of their contracts, whether on computer disc or not, business files, contracts and all other information which is not known by persons not employed by the Company and which the Company undertakes efforts to maintain its secrecy. ... I understand and agree that this is Confidential Information which the law treats as privileged, therefore protecting an employer from use without consent. Confidential Information shall include both information developed by me for the Company and information I obtained while in the Company's employ. All Confidential Information, whether created by me or other employees, shall remain the property of the Company.
>
> b. During my employment and after the termination of my employment, I shall not, without written consent of the Company, publish or use or disclose to anyone other than authorized Company personnel any Confidential Information. I agree to abide by the Company policies and regulations for the protection of its Confidential Information and I understand and agree that the unauthorized disclosure or misuse of such Confidential Information could irreparably damage the Company.

14. Plaintiff also agreed that he would not use Officia Confidential Information, to solicit customers, in relevant part:

> <u>No Solicitation of Customers Using Confidential Information</u>. I acknowledge and agree that the names, addresses, and contact information of the Company's customers and all other Confidential Information relating to those customers, have been compiled by the Company at great expense and effort and represent a real asset of the Company. I further understand and agree that this

4.

**COMPLAINT**

LITTLER MENDELSON
A Professional Corporation
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

information is deemed confidential by the Company and constitutes trade secrets of the Company. I understand that this information has been provided to me in confidence, and I agree that the unauthorized use or disclosure of any of the Company's trade secrets obtained by me during my employment with the Company constitutes unfair competition. I agree and promise not to engage in any unfair competition with the Company. I further agree not to, directly or indirectly, during or after termination of employment, make known to any person, firm, or company any information concerning any of the customers of the Company which, as I acknowledge, is Confidential Information and constitutes trade secrets of the Company. Nor shall I use any such Confidential Information to solicit, take away, or attempt to call on, solicit or take away any of the Company's customers.

15. Defendant Langridge also acknowledged that he would return and not keep any company data and was not authorized to take any electronic data. Defendant Langridge agreed in relevant part:

> All correspondence, memoranda, records, databases, reports, documents, equipment, digitally-stored information or other property received or made by me in connection with my employment are the exclusive property of the Company. I agree to return promptly the originals and all copies thereof to the Company on the termination of my employment or upon request. Further, I recognize and stipulate that I am not authorized to access any of the Company's computer systems, email, or other electronic storage devices for personal gain to the detriment of the Company or for the benefit of a competing business, and that such access would cause material harm to the Company's computer storage systems and business interests

16. Defendant Langridge also agreed to "devote my best efforts to the interests of the Company and will not engage in other employment or in any activities that conflict with my job duties for the Company without the prior written consent of the Company."

17. On about December 15, 2017, Langridge gave notice of his intent to resign his employment with Plaintiff. In the weeks, if not months prior to his resignation, and while he was still and employee of plaintiff, Langridge engaged in the following acts:

5.

**COMPLAINT**

a. Plaintiff is informed and believes that Defendant Langridge began to solicit business for his new venture, including discussions with Plaintiff's customers how to transfer their business and patronage with Plaintiff over to Royal, prior to his resignation from Plaintiff.

b. As of November 2017, if not earlier, while still employed by Plaintiff and thereafter, Langridge negotiated with vendors to represent products and obtain financing and soliciting their business on behalf of Royal, in violation of his agreements, including loyalty provisions in his Agreement

c. Plaintiff is informed and believes that Defendant Langridge began to discuss with Plaintiff's customers how to transfer their business and patronage with Plaintiff over to his new venture, prior to his resignation from Plaintiff.

d. Plaintiff is informed and believes that Defendant began to give preference to the new business he was starting and failed to follow through on matters that would benefit Plaintiff's business.

e. Plaintiff is informed and believes that Defendant began to misrepresent the terms of the deal he closed for Plaintiff so he would receive commissions but the costs and issues with the customers would surface afterwards.

f. Defendant failed to disclose corporate opportunities to Plaintiff and withheld that information and potential business opportunities from Plaintiff so that he and Royal could take advantage of that opportunity when he started his new venture.

g. Defendant Langridge copied and took confidential information of plaintiff, including customer data bases and CRM information to assist him in his new business venture.

18. Defendant Royal is a direct competitor of Plaintiff. Plaintiff is informed and believes that as of September 2017, if not earlier, while still employed by Plaintiff and thereafter, Langridge called on customers and vendors of Plaintiff and solicited their business on behalf of Royal, by using the confidential information.

19. Plaintiff is informed and believes and thereupon alleges that Langridge and Royal have used and, unless enjoined, will continue to use Plaintiff's confidential and proprietary information and trade secrets obtained by Langridge during the course of his employment to make solicitations to major vendors for discounts and pricing comparable to that negotiated by Plaintiff and use such information for pending or upcoming projects for the purpose of soliciting such customers to cease doing business and/or not enter into contracts with Plaintiff and to transfer their business to Royal.

**FIRST CAUSE OF ACTION**
**(Breach of Contract – Injunctive Relief)**
**(Against Langridge)**

20. Plaintiff realleges and incorporates by reference each and every allegation contained in each Paragraph above as though fully set forth herein.

21. Langridge entered into a written contract with Plaintiff. A true and correct copy of his Agreement is attached hereto as Exhibit A and incorporated herein by reference. The Agreement contained certain covenants restricting use and retention of Confidential Information that were to be in effect during and/or after Langridge ceased to be employed by Plaintiff.

22. Under his Agreement, Langridge agreed to "devote my best efforts to the interests of the Company and will not engage in other employment or in any activities that conflict with my job duties for the Company without the prior written consent of the Company. Defendant Langridge also agreed that Plaintiff owns all Confidential and/or Proprietary Information, defined as all trade secrets and confidential information that she became acquainted with during the term of his employment with Plaintiff. Langridge also agreed that Plaintiff owned all business

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

7.

COMPLAINT

records such as customer lists and databases, price lists, customer bids and proposals, contracts, and other forms, files, computer records, documents, and other similar items relating to the business of Plaintiff. Langridge agreed that he would not use or disclose any Confidential and/or Proprietary Information, trade secrets, confidential data, or business record of Plaintiff, after termination of employment, without prior written consent.

23. Defendant Langridge has breached his Agreement with Plaintiff by competing during his employment, by taking and retaining corporate opportunities, and confidential, proprietary information concerning Plaintiff's customers, including customer lists, contact information, price lists, sales margins, using and/or disclosing to others Plaintiff's Confidential and/or Proprietary Information; and soliciting Plaintiff's customers for the benefit of Royal and himself with the use of Officia Confidential and/or Proprietary Information.

24. Plaintiff has performed all conditions, covenants and promises required by it to be performed in accordance with the terms and conditions of the Agreement.

25. As a proximate result of Langridge's breach of said Agreement, Plaintiff has incurred damages in excess of the minimum jurisdictional amount of this Court, the exact amount to be determined at trial.

26. As a result of such conduct, Plaintiff has and/or will suffer substantial and irreparable harm and will continue to suffer further damage and harm. The aforesaid conduct, unless restrained and enjoined, will cause Plaintiff immediate and irreparable harm for which Plaintiff has no adequate remedy at law. The damages to business relations and the loss of potential business opportunities cannot be adequately compensated by monetary damages.

27. Plaintiff is entitled to a preliminary and permanent injunction requiring Langridge to abide by the terms of his Agreement.

LITTLER MENDELSON
A Professional Corporation
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Breach of Duty of Loyalty — California Labor Code §§ 2860 and 2863)**
**(Against Langridge and Does 1-10)**

28. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in each paragraph above, as though fully set forth herein.

29. Defendant Langridge and Does 1-10, knowingly and intentionally breached the duties he owed as an employee of Plaintiff by transacting business for his benefit and to the detriment of Plaintiff, using Confidential and/or Proprietary Information, by diverting such confidential information for his own use and for the benefit of Royal, including confidential documents and confidential information concerning Plaintiff's customers, by soliciting customers and vendors and entering into competition with Plaintiff. Langridge engaged in the conduct alleged above before the expiration of his employment with Plaintiff.

30. The conduct engaged in by Defendant Langridge and Does 1-10, as described hereinabove, was unlawful and constitutes a violation of California Labor Code sections 2860 and 2863, which prohibit employees from acquiring those things which belong to their employer, and require employees to give preference to transacting business for their employer during the employment relationship.

31. As a proximate result of Defendants violation of California Labor Code sections 2860 and 2863, Plaintiff has suffered damages in excess of the minimum jurisdictional amount of this Court, the exact amount to be determined at trial.

32. Plaintiff has no adequate remedy at law for the injuries currently being suffered in that Defendants will continue to use misappropriated trade secrets and proprietary information and otherwise gain unfair advantage and elicit revenues and profits as a result of their tortious conduct.

LITTLER MENDELSON
A Professional Corporation
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

33. Because the aforementioned acts of Defendant Langridge and Does 1-10 were willful, oppressive, fraudulent and/or malicious, Plaintiff is entitled to exemplary damages in an amount to be ascertained at the time of trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Unfair Competition — California Business and Professions Code Section 17200, *et seq.*)**
**(All Defendants and Does 41 through 100)**

34. Plaintiff realleges and incorporates by reference each and every allegation contained in each Paragraph above as though fully set forth herein.

35. Plaintiff alleges that Defendants, Does 41 through 100, and each of them, have engaged in unfair competition and unfair trade practices by using and disclosing trade secrets and confidential information of Plaintiff and by the conduct described above.

36. As a direct, proximate and foreseeable result of the unfair trade practices described above, Plaintiff has suffered and continues to suffer substantial losses and other damages in the precise amount to be proven at trial.

37. Unfair competition is defined in the Business and Professions Code section 17200 as "unlawful, unfair, or fraudulent business practices and unfair, deceptive, untrue or misleading advertising and any other act." Defendants committed the acts alleged herein maliciously, fraudulently and with the wrongful and deliberate intention of injuring Plaintiff's business and benefiting their common enterprise.

38. As a direct, proximate and foreseeable result of the unfair competition practices described above, Plaintiff has and will incur substantial losses, including, but not limited to, the loss of business opportunities relating to the loss of confidential information, the misappropriation of its work product and is therefore entitled to restitution, in the precise amount to be proven at trial.

39. Defendants' wrongful conduct, in misappropriating Plaintiff's Confidential and/or Proprietary Information will, unless and until enjoined and

LITTLER MENDELSON
A Professional Corporation
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

10.

COMPLAINT

restricted by order of this court, cause great and irreparable injury to Plaintiff's business in that it will enable Defendant to unfairly compete with Plaintiff, to interfere with the business relationship between Plaintiff and its vendors and to interfere with the prospective business opportunities of Plaintiff. Plaintiff has no adequate remedy at law for these injuries. The damage to business relations and the loss of potential business opportunities cannot be adequately compensated for monetary damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) For an order enjoining Defendants from utilizing confidential, proprietary or trade secret information of obtained from Plaintiff;

(2) For an order enjoining Defendant Langridge from soliciting customers of Plaintiff with the use of Confidential Information, and enjoining Defendant Royal from inducing defendant Langridge to violate his Agreement with Plaintiff;

(3) For an order requiring Defendants to return to Plaintiff all confidential information of Plaintiff;

(4) For an award of compensatory damages in an amount to be proven at trial;

(5) For an award of restitution to Plaintiff for the value of any and all unjust enrichment received by Defendants as a result of Defendants' conduct as described in this Complaint;

(6) For attorneys' fees as provided by statute;

(7) For prejudgment interest on all amounts claimed;

(8) For costs of suit incurred herein; and

(9) For such other and further relief as the Court deems just and proper.

Dated: December 21, 2017

By: */s/ Stephen C. Tedesco*
STEPHEN C. TEDESCO
GAL GRESSEL
LITTLER MENDELSON, P.C.
Attorneys for Plaintiff
OFFICIA IMAGING, INC.

Firmwide:151902302.1 088640.1000

LITTLER MENDELSON
A Professional Corporation
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

12.

**COMPLAINT**