STEPHEN C. TEDESCO, Bar No. 130325
stedesco@littler.com
LITTLER MENDELSON, P.C.
A Professional Corporation
333 Bush Street, 34th Floor
San Francisco, CA  94104
Telephone: 415.677.3134
Facsimile:  415.399.8490

MICHAEL L. KIBBE, Bar No. 302137
mkibbe@littler.com
LITTLER MENDELSON, P.C.
A Professional Corporation
2050 Main Street, Suite 900
Irvine, CA  92614
Telephone: 949.705.3000
Facsimile:  949.724.1201

Attorneys for Plaintiff
OFFICIA IMAGING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFFICIA IMAGING, INC., <br><br>           Plaintiff, <br><br> v. <br><br> JAMES LANGRIDGE, ROYAL OFFICE SOLUTIONS, INC., <br><br>           Defendants. | Case No. 8:17-cv-02228 DOC DFM <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE THE FIRST AMENDED COMPLAINT AND MOTION FOR INTRADISTRICT VENUE TRANSFER** <br><br> Date: April 2, 2018 <br> Time: 8:30 a.m. <br> Dept: 9D <br> Honorable David O. Carter |

Plaintiff OFFICIA IMAGING, INC. ("Plaintiff"), respectfully submits that its filing of the Second Amended Complaint (Doc. 33), as allowed under Federal Rules of Civil Procedure ("FRCP"), Rule 15(a), has rendered Defendants' Motion to Dismiss, Motion to Strike the First Amended Complaint and Motion for Intradistrict Transfer ("Motions") moot, and the hearing should be vacated.

Rule 15(a) states that:

A party may amend its pleading once as a matter of course within:

> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FRCP, Rule 15.

Plaintiff filed its original complaint on December 21, 2017. (Doc. 1). Prior to serving the original complaint, Plaintiff filed its first amended complaint on January 19, 2018. (Doc. 13). On January 23, 2018, Plaintiff served its first amended complaint by personal delivery on Defendant Royal Office Solutions, Inc. ("Royal"). (Doc. 24, p. 2). On January 24, 2018, Plaintiff served its first amended complaint by personal delivery on Defendant James Langridge ("Langridge"). (*Id.*)

On February 27, 2018, Defendants filed their Motions. (Docs. 26, 28 & 29). In compliance with Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff filed its Second Amended Complaint on March 8, 2018. (Doc. 33). The Second Amended Complaint qualifies as the amendment "as a matter of course" under Rule 15 as it is served after the service of the motion. Additionally, Plaintiff's Second Amended Complaint supersedes the First Amended Complaint and renders it an inoperative pleading. *Ramirez v. County of San Bernardino* (9th Cir. 2015) 806 F.3d 1002, 1008; *Bullen v. De Bretteville*, 239 F.2d 824 (9th Cir. 1956) ("it is hornbook law that an amended pleading supersedes the original, the latter being treated thereafter as non-existent."). Therefore, Defendants' Motions, which are directed to an inoperative

pleading, are rendered moot. Defendants must file a new Motion or Answer to Plaintiff's Second Amended Complaint, and any scheduled hearing on Defendants' previously filed Motions should be taken off the Court's calendar.

Defendants' Motions are also moot because opposing counsel failed to comply with Central District's Local Rule 7-3 before filing its Motions. Local Rule 7-3 requires that counsel meet and confer with opposing counsel before filing a motion, requiring the moving party to contact opposing counsel to discuss the substance of the contemplated motion and any potential resolution. The conference must take place at least seven days prior to filing the motion, and the motion must include a certification that the parties met and conferred. The purpose of the meet and confer requirement is to attempt to address the issues without the need of a motion. Here, Defendants, the moving parties, wholly failed to confer with Plaintiff's counsel prior to filings its Motions and also failed to file an accompanying certification indicating that the parties met and conferred. The filing of a Second Amended Complaint accomplishes the purpose behind Local Rule 7-3. Consequently, Defendants' Motions are moot.

Finally, venue is proper in the Southern Division of the Central District of California. "For all civil cases in which the United States is not a party, the case will only be assigned to the Southern division if 50% or more of the plaintiffs who reside in the district, reside in the Southern Division." C.D. Cal. General Order No. 16-05I.B.1a (1)(c). In the instant case, venue is proper in the Southern District because Plaintiff maintains two office locations in Orange County, which is in the Southern Division of the Central District in addition to an office Los Angeles.

For the foregoing reasons, Defendants' previously filed motions are rendered moot and venue is proper in the Southern Division of the Central District. If Defendants attempt to revive any arguments raised in its previously filed Motions, Plaintiff reserves the right to make any arguments in opposition at the appropriate time.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

1  Dated:   March 9, 2018

3                             */s/ Michael Kibbe*
                              STEPHEN C. TEDESCO
4                             MICHAEL L. KIBBE
                              LITTLER MENDELSON, P.C.
5                             Attorneys for Plaintiff
                              OFFICIA IMAGING, INC.