1  STEPHEN C. TEDESCO, Bar No. 130325
   stedesco@littler.com
2  LITTLER MENDELSON, P.C.
   A Professional Corporation
3  333 Bush Street, 34th Floor
   San Francisco, CA  94104
4  Telephone:  415.677.3134
   Facsimile:   415.399.8490
5
   MICHAEL L. KIBBE, Bar No. 302137
6  mkibbe@littler.com
   LITTLER MENDELSON, P.C.
7  A Professional Corporation
   2050 Main Street, Suite 900
8  Irvine, CA  92614
   Telephone:  949.705.3000
9  Facsimile:   949.724.1201

10 Attorneys for Plaintiff
   OFFICIA IMAGING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| OFFICIA IMAGING, INC., | Case No.  8:17-cv-02228 DOC DFM |
|---|---|
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| v. | |
| JAMES LANGRIDGE, ROYAL OFFICE SOLUTIONS, INC., | |
| Defendants. | |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

**STIPULATION AND PROTECTIVE ORDER**      **CASE NO. 8:17-cv-02228 DOC DFM**

Plaintiff Officia Imaging, Inc. ("Plaintiff") and Defendants James Langridge and Royal Office Solutions, Inc., ("Defendants"), by and through their respective counsel of record, hereby enter into the following stipulation:

## DEFINITIONS

1. When used in this Stipulation for Protective Order, the term:

(a) "**Action**" means the above-captioned actions, Case No. 8:17-cv-02228 DOC DFM.

(b) "**Attorneys' Eyes Only Information**" or "**Attorneys' Eyes Only Material**" means extremely sensitive "Confidential Information," as defined below, whose disclosure to another party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means, stamped with an "Attorneys' Eyes Only" designation.

(c) "**Confidential Information**" or "**Confidential Materials**" means any information (regardless of how generated, stored, or maintained) or tangible thing that a party or third person believes in good faith embodies safeguarded or other sensitive information, including, without limitation, information relating to either Plaintiff's or Defendants' confidential or proprietary business information, development, financial, research, commercial, or confidential personal information, records, or confidential information of third-parties, or that a party designates as sufficiently sensitive and/or proprietary so as to warrant additional measures as set forth herein to protect against unintended disclosure or use, stamped with a "Confidential" designation.

(d) "**Court**" means the Hon. David O. Carter, or any other judge or magistrate to which this Action may be assigned, and his/her court staff.

(e) "**Designating Party**" means any party to this Action and any nonparty that discloses or produces Confidential Information.

(f) "**Disclose**," "**Disclosed**," or "**Disclosure**" means to give, make available, or reveal Confidential Information or Attorneys' Eyes Only Materials, or

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**STIPULATION AND PROTECTIVE ORDER** 2. **CASE NO. 8:17-cv-02228 DOC DFM**

any part thereof.

(g) "**Documents**" mean any "writing," "recording," "photograph," "original," and "duplicate," as those terms are defined in the Federal Rules of Evidence, Rule 1001, that have been or will be produced during disclosures, discovery, or any other aspect of the Action by any person or entity, and any copies, summaries, or reproductions of the same, in whole or in part.

(h) "**Receiving Party**" means any party to this Action and any nonparty that receives Confidential Information or Attorneys' Eyes Only Materials.

(i) "**Testimony**" means all depositions, declarations, or any and all other testimony taken or used in this Action.

## **STIPULATION FOR PROTECTIVE ORDER**

2. Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and use for any purpose other than prosecuting this litigation is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

3. This protective order shall govern disclosure and use of all documents, testimony, exhibits, interrogatory answers, responses to requests for admission, and any other materials and information produced or disclosed in this Action by any party to the Action or third party from whom documents or information is sought to the other party or parties that are designated as Confidential Information or Attorneys' Eyes Only Material.

4. All information or materials designated as Confidential Information or Attorneys' Eyes Only, either prior to or subsequent to the entry of this Order, shall qualify for protection under this Order.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

## Restrictions On Disclosure of Confidential Information and Attorneys' Eyes Only Material

5. Subject to paragraph 9, and excepting the Court and any Court personnel, Confidential Information produced under this protective order shall not be Disclosed by any person who has received such Confidential Information through this Action to any other person or entity, except:

    (a) Attorneys of record for the parties and their respective associates, paralegals, clerks, and employees involved in the conduct of this Action, and either party's in-house attorneys and attorneys employed by its corporate parents and/or corporate affiliates and their respective paralegals, clerks and employees;

    (b) Any outside consultant or expert and any employees thereof who would, in the course and scope of their employment or engagement, handle the at-issue documents, whether formally retained or not;

    (c) Stenographic employees, court reporters, and videographers recording or transcribing testimony in this Action;

    (d) The Court and any Court personnel to whom it is necessary to disclose the information as well as any mediators or arbitrators used to try to resolve the Action;

    (e) Current or former representatives of either party or its parent or affiliated companies who may serve as witnesses, but only insofar as such Confidential Information is relevant to their testimony and disclosure is not otherwise prohibited by applicable law;

    (f) Any person who was involved in the preparation of the document, materials, or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by one receiving such Confidential Information in connection with this Action; and

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**STIPULATION AND PROTECTIVE ORDER**      4.      **CASE NO. 8:17-cv-02228 DOC DFM**

(g) Any other person with the prior written consent of the Designating Party or pursuant to an order issued by this Court.

6. Subject to paragraph 9, and excepting the Court and any Court personnel, Attorneys' Eyes Only Material produced under this protective order shall not be disclosed by any person who has received such Attorneys' Eyes Only Material through this Action to any other person or entity, except:

(h) Attorneys of record for the parties and their respective associates, paralegals, clerks, and employees involved in the conduct of this Action, and either party's in-house attorneys and attorneys employed by its corporate parents and/or corporate affiliates and their respective paralegals, clerks and employees;

(i) Any outside consultant or expert and any employees thereof who would, in the course and scope of their employment or engagement, handle the at-issue documents, whether formally retained or not;

(j) Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

(k) The Court and any Court personnel to whom it is necessary to disclose the information as well as any mediators used to try to resolve the Action;

(l) An employee or agent of the Designating Party, but only insofar as such Attorneys' Eyes Only Material is relevant to their testimony and disclosure is not otherwise prohibited by applicable law; and

(m) Any other person with the prior written consent of the Designating Party or pursuant to an order issued by this Court.

7. Prior to the Receiving Party providing access to the Confidential Information to any person that is authorized pursuant to the terms of this protective order, such person (i) shall be provided a copy of this protective order and (ii) shall agree in writing, in the form of the Protective Order Acknowledgment and Non-Disclosure Agreement, attached hereto as Exhibit A, to be bound by the terms of this protective order. These requirements do *not* apply to Confidential Information

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

STIPULATION AND PROTECTIVE ORDER     5.     CASE NO. 8:17-cv-02228 DOC DFM

provided to the Court or to any Court personnel. Prior to the Receiving Party providing Attorneys' Eyes Only Material to any person with access to Attorneys' Eyes Only Material that is authorized pursuant to the terms of this protective order, such person (i) shall be provided a copy of this protective order and (ii) shall agree in writing, in the form of the Protective Order Acknowledgment and Attorneys' Eyes Only Non-Disclosure Agreement, attached hereto as Exhibit B, to be bound by the terms of this protective order. These requirements do *not* apply to Attorneys' Eyes Only Material provided to the Court or any Court personnel. The Receiving Party shall retain all executed non-disclosure agreements until the end of the Action. In the event of a possible violation of this protective order during the pendency of this Action, either party may make a motion to request that the Court order production of the executed non-disclosure agreements to the Designating Party for good cause shown. Otherwise, these non-disclosure agreements are strictly confidential and are not subject to any discovery request while the Action is pending. No more than thirty (30) calendar days after the end of litigation in the Action as defined in paragraph 11 below, the Receiving Party shall provide copies of all executed non-disclosure agreements to the Designating Party.

8. The Action is at an end when all of the following that are applicable occur: (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice, due to settlement or otherwise; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have concluded.

**Use of Confidential Information and Attorneys' Eyes Only Material**

9. Confidential Information and Attorneys' Eyes Only Material shall be used solely and exclusively for preparing for and prosecuting this case, pending the completion of the judicial process, including appeal. Confidential Information and

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

STIPULATION AND PROTECTIVE ORDER 6. CASE NO. 8:17-cv-02228 DOC DFM

1 Attorneys' Eyes Only Material cannot be used for any other purpose in any other
2 matter or proceeding for any reason whatsoever.

3       10. Notwithstanding any other provisions hereof, nothing in this protective
4 order shall restrict any party's counsel from rendering advice to its client with respect
5 to this Action and, in the course thereof, relying upon Confidential Information and/or
6 Attorneys' Eyes Only Material, provided that in rendering such advice, counsel shall
7 not disclose the other party's Confidential Information and/or Attorneys' Eyes Only
8 Material other than in a manner expressly provided for in this protective order.

9       11. If Confidential Information or Attorneys' Eyes Only Material is used in
10 any depositions taken in this matter, the original transcript of the deposition, and all
11 copies thereof shall be stamped "Confidential" or "Attorneys' Eyes Only."
12 Testimony taken at a deposition may be designated as Confidential Information or
13 Attorneys' Eyes Only Material by making a statement to that effect on the record at
14 the deposition, as to the specific testimony or items claimed to be Confidential
15 Information or Attorneys' Eyes Only Material, or in writing no later than thirty (30)
16 calendar days after receipt from the court reporter of the final deposition transcript. If
17 any portions of the deposition transcript and/or video or audio versions of the
18 depositions contain Confidential Information or Attorneys' Eyes Only Material, or
19 references thereto, they must be filed with the Court in compliance with paragraph 21
20 of the protective order.

21       12. A copy of the protective order shall be attached as an exhibit to the
22 deposition transcript and the court reporter shall be subject to the protective order and
23 precluded from providing the original or copies of the deposition transcript or portions
24 thereof, any copies thereof, or portions of copies thereof, to any persons or entities
25 other than counsel of record in the Action. Any audiotape and/or videotape of said
26 deposition shall also be subject to this protective order. The deposition videographer
27 shall be subject to this protective order and precluded from providing the original
28 deposition audiotape and videotape or portions thereof to any persons or entities other

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**STIPULATION AND PROTECTIVE ORDER**      7.      **CASE NO. 8:17-cv-02228 DOC DFM**

than counsel of record. All persons shall be precluded from providing the original deposition audiotape and videotape or portions thereof to any persons or entities other than counsel of record in the Action.

14. 13. Except for the witness, only individuals permitted access to Confidential Information or Attorneys' Eyes Only Material shall be present during that portion of a deposition where Confidential Information or Attorneys' Eyes Only Material is discussed. Individuals attending any depositions using Confidential Information or Attorneys' Eyes Only Material shall not disclose to any person any statements made by deponents at depositions that directly reference or quote Confidential Information or Attorneys' Eyes Only Material, unless that person is independently allowed access to the information.

**Protection of Confidential Information and Attorneys' Eyes Only Material**

14. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and Attorneys' Eyes Only Material and will limit access to Confidential Information and Attorneys' Eyes Only Material only to the persons authorized by this protective order.

15. Any party who is served with a subpoena or other request for production of Confidential Information or Attorneys' Eyes Only Material produced by the other party must within three (3) calendar days of receipt of the subpoena or other notice provide written notice of such subpoena or other notice to the Designating Party so as to afford the Designating Party an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Information or Attorneys' Eyes Only Material. Upon receiving such notice, the Designating Party shall bear the burden of opposing, if it deems appropriate, the subpoena or request for production. In no event should production or disclosure be made without written approval by the Designating Party unless required by court order.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**STIPULATION AND PROTECTIVE ORDER** 8. **CASE NO. 8:17-cv-02228 DOC DFM**

16. Unless otherwise ordered or agreed in writing by the parties, within ninety (90) days of the settlement or termination (as defined in paragraph 7) of this Action, the parties must simultaneously exchange and surrender any Confidential Information or Attorneys' Eyes Only Material, provided, however, that counsel of record for the parties may keep, in strictest confidence, those copies of any part of the Confidential Information or Attorneys' Eyes Only Material that has become part of the official record of this Action and may retain abstracts or summaries of such materials, which contain counsel's mental impressions or opinions. Such information shall remain subject to the terms of this protective order.

## **Failure to Designate**

17. Inadvertent failure to designate documents, information, or materials as Confidential or Attorneys' Eyes Only at the time of production may be remedied by supplemental written notice by the Designating Party. The Designating Party must notify the Receiving Party within three (3) calendar days after discovering that it inadvertently failed to designate the documents, information, or materials as confidential. If such notice is given, all documents, information, or materials so designated shall be subject to this Order as if they had been initially designated as Confidential or Attorneys' Eyes Only to the extent that such documents, information, or materials fall within the definition of Confidential Information or Attorneys' Eyes Only Materials. Therefore, the Receiving Party should notify any nonparty to whom disclosure was made about the confidentiality designation.

18. The foregoing provision shall not apply to any documents, information, or materials that have already otherwise become publicly available.

19. Nothing in this Order should be construed as a party's relinquishment of its right to gives notice, and have returned, inadvertently produced documents, information, or materials that are subject to a claim of privilege, under Federal Rules of Civil Procedure, Rule 26 and Federal Rules of Evidence, Rule 502.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**STIPULATION AND PROTECTIVE ORDER** 9. **CASE NO. 8:17-cv-02228 DOC DFM**

## Challenges to Designation

20. Any party may challenge the propriety of the designation of Confidential Information or Attorneys' Eyes Only Material pursuant to Local Rule 37. In accordance with Local Rule 37-1, prior to filing any motion asking the Court to make a determination as to the propriety of a designation the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. In the event that this conference of counsel does not resolve the dispute between the parties, the Receiving Party can bring a motion pursuant to Local Rule 37-2 to have the Court make a determination regarding the propriety of the disputed designation. As part of any such motion, if one or both parties wish to file the Joint Stipulation required by Local Rule 37-2.2 under seal, the parties will either file a stipulation to that effect or the moving party will file an ex parte application making the appropriate request. Any stipulation or ex parte application addressing why the Joint Stipulation or portions thereof should be filed under seal must set forth good cause.

## Filing Confidential Information or Attorneys' Eyes Only Material

21. The parties shall use the following procedure for submitting to the Court papers consisting of, relating to, containing, incorporating, reflecting, describing or attaching Confidential Information or Attorneys' Eyes Only Material:

> For all pretrial discovery and non-discovery-related motions, memorandum of law, certification, exhibit annexed thereto that contains Confidential Information shall be filed in accordance with Local Rule 79 by placing the original and judge's copy of the document in sealed separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Confidential material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-5. A Notice of Manual Filing shall also be electronically filed identifying materials being manually filed.

22. Furthermore, if Confidential Information or Attorneys' Eyes Only Material is included in any papers to be filed in Court, such papers shall be

**STIPULATION AND PROTECTIVE ORDER** 10. **CASE NO. 8:17-cv-02228 DOC DFM**

accompanied by an application to file the papers – or the confidential portion thereof – under seal. This application must show good cause for the under seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

23. All confidential information contained in documents designated as Confidential Information or Attorneys' Eyes Only Material used at trial and in all post-trial proceedings shall become public unless a separate court order is obtained upon noticed motion and sufficient cause shown. Nothing shall prejudice any parties' rights to object to the introduction of any Confidential Information or Attorneys' Eyes Only Material into evidence, on grounds, including, but not limited to, relevance and privilege.

### **Miscellaneous Provisions**

24. It is expressly understood by and between the parties that in producing Confidential Information and/or Attorneys' Eyes Only Material in this Action, the parties are relying upon the terms and conditions of the protective order. The parties also acknowledge that their agreement to the terms of this protective order does not waive their right to object to the production of documents or information on any proper ground and that the entry of this protective order does not, in and of itself, require any party to produce any documents or information or to waive any privilege or objection.

25. The parties can modify the terms of the protective order by written agreement or the Court may modify it through an order. The protective order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement of this Action.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**STIPULATION AND PROTECTIVE ORDER** 11. **CASE NO. 8:17-cv-02228 DOC DFM**

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.**

Dated: March 14, 2018

      /s/ Michael Kibbe
STEPHEN TEDESCO
MICHAEL KIBBE
LITTLER MENDELSON, P.C.
Attorneys for Plaintiff
OFFICIA IMAGING, INC.

Dated: March 14, 2018

      /s/ Scott Dyle
SCOTT D. DYLE
EAMON JAFARI
JACOB R. GOULD
BARRINGTON LEGAL, INC.
Attorneys for Defendants
JAMES LANGRIDGE AND ROYAL OFFICE SOLUTIONS, INC.

**PURSUANT TO STIPULATION, AND FOR GOOD CAUSE, IT IS SO ORDERED.**

Dated: March 15, 2018

      Honorable Douglas F. McCormick
United States Magistrate Court Judge

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**STIPULATION AND PROTECTIVE ORDER**     12.     **CASE NO. 8:17-cv-02228 DOC DFM**

# EXHIBIT A

## Protective Order Acknowledgment and Non-Disclosure Agreement

The undersigned hereby acknowledges and agrees to the following:

I have had the opportunity to review the protective order in *Officia Imaging, Inc. v. James Langridge, et al.,* currently pending in the U.S. District Court for the Central District of California, Case No. 8:17-cv-02228 DOC DFM. I certify that I am an appropriate person for receipt of <u>Confidential Information</u> under the protective order. I understand and agree to be bound by the terms of the protective order and will not disclose any of the Confidential Information provided to me to any third person, except as allowed in the protective order. I understand and agree that my use of any Confidential Information shall be solely and exclusively for purposes relating to the prosecution or defense of the above-titled Action, including but not limited to appeals and writs relating thereto, discovery, and/or mediation or settlement of this Action in accordance with the provisions of the protective order.

I also agree that upon being informed of the termination or settlement of this Action, I will promptly surrender all Confidential Information provided to me to the counsel that provided it to me so that it may be returned to the party that it belongs to in accordance with the terms of the protective order. I will not retain copies of any such Confidential Information in any form of any kind, including but not limited to electronic format, for any reason whatsoever and understand that it would be a violation of the terms of the protective order to do so.

By signing this Non-Disclosure Agreement, I hereby consent to the jurisdiction of the U.S. District Court for the Central District of California for purposes of enforcing the terms of this nondisclosure Order and Non-Disclosure Agreement.

I understand that disclosure of documents or information designated "Confidential" in violation of the protective order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**STIPULATION AND PROTECTIVE ORDER** 13. **CASE NO. 8:17-cv-02228 DOC DFM**

Executed in _____ on _____.

_____
[Signature]

_____
[Print Name]

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**STIPULATION AND PROTECTIVE ORDER** 14. **CASE NO. 8:17-cv-02228 DOC DFM**

# EXHIBIT B

## Protective Order Acknowledgment and Non-Disclosure Agreement

The undersigned hereby acknowledges and agrees to the following:

I have had the opportunity to review the protective order in *Officia Imaging, Inc. v. James Langridge, et al.,* currently pending in the U.S. District Court for the Central District of California, Case No. 8:17-cv-02228 DOC DFM. I certify that I am an appropriate person for receipt of <u>Attorneys' Eyes Only Material</u> and <u>Confidential Information</u> under the protective order. I understand and agree to be bound by the terms of the protective order and will not disclose any of the Attorneys' Eyes Only Material and Confidential Information provided to me to any third person, except as allowed in the protective order. I understand and agree that my use of any Attorneys' Eyes Only Material and Confidential Information shall be solely and exclusively for purposes relating to the prosecution or defense of the above-titled Action, including but not limited to appeals and writs relating thereto, discovery, and/or mediation or settlement of this Action in accordance with the provisions of the protective order.

I also agree that upon being informed of the termination or settlement of this Action, I will promptly surrender all Attorneys' Eyes Only Material and Confidential Information provided to me to the counsel that provided it to me so that it may be returned to the party that it belongs to in accordance with the terms of the protective order. I will not retain copies of any such Attorneys' Eyes Only Material and Confidential Information in any form of any kind, including but not limited to electronic format, for any reason whatsoever and understand that it would be a violation of the terms of the protective order to do so.

*[Signature on Following Page]*

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**STIPULATION AND PROTECTIVE ORDER** 15. **CASE NO. 8:17-cv-02228 DOC DFM**

By signing this Non-Disclosure Agreement, I hereby consent to the jurisdiction of the U.S. District Court for the Central District of California for purposes of enforcing the terms of this agreement.

I understand that disclosure of documents or information designated "Confidential" in violation of the protective order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Executed in _____ on _____.

_____
[Signature]

_____
[Print Name]

Firmwide:153400721.1 088640.1004

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**STIPULATION AND PROTECTIVE ORDER** 16. **CASE NO. 8:17-cv-02228 DOC DFM**